UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LA'BRIAN WILLIS                                                                           PETITIONER

V.                                                      CIVIL ACTION NO. 3:25-CV-257-DPJ-ASH

WARD CALHOUN                                                                           RESPONDENT

REPORT AND RECOMMENDATION

Pro se Petitioner La'Brian Willis filed this 28 U.S.C. § 2241 petition challenging his pretrial detention in the Lauderdale County Detention Facility in Meridian, Mississippi. Pet. [1]. Specifically, Willis takes issue with the state court denying him bond on his unindicted charge for possession of a stolen firearm. Pet. [1] at 8; Resp. to Order [6] at 1. Respondent initially argued Willis's petition should be dismissed because it sought relief unavailable via a habeas petition, or in the alternative, because Willis failed to exhaust. Mot. [9]. Respondent has supplemented its motion to dismiss and now argues Willis's petition is moot because the Lauderdale Assistant District Attorney (ADA) closed the possession-of-a-stolen-firearm case after a Lauderdale County grand jury returned a "no true bill" on that charge. As explained below, the undersigned recommends the Court grant Respondent's motion and dismiss the petition as moot.

I.      Facts and Procedural History

Willis was first arrested on March 18, 2023, by the Meridian Police Department and charged with violating Mississippi Code Annotated § 97-37-35, which makes it illegal to "knowingly or intentionally . . . possess . . . a stolen firearm." Ex. A [9-1] at 1–2. He was released on bond two days later. Exs. D & E [9-4 to -5]. Thereafter, state authorities in Clarke and Lauderdale County issued warrants for Willis's arrest on additional charges. Exs. F–H [9-6

to -8]. Those warrants charged him with shooting into a dwelling house, aggravated assault, shooting into a motor vehicle, and first-degree murder. *Id.* He was rearrested by the Meridian Police Department on January 16, 2025. Ex. I [9-9] at 1. At his preliminary hearing, the state court revoked Willis's initial bond on the stolen-firearm charge and denied him bond on the new charges. Ex. L [9-12]. The state court denied his bond request because the revocation of bond on the stolen-firearm charge rendered him ineligible for bond under Article III, § 29, of the Mississippi Constitution.[1] It is the decision to revoke his initial bond on the stolen-firearm charge that Willis challenges in this petition.

On June 4, 2025, a Lauderdale County grand jury indicted Willis and eight others with second-degree murder. Ex. N [9-14] at 1. Willis was arraigned on June 25, 2025, and pleaded not guilty. Ex. P [9-16] at 1. He remains in custody pending the resolution of the second-degree murder charge and his remaining unindicted charges of aggravated assault, shooting into a motor vehicle, and shooting into a dwelling. *See* Ex. L [9-12] at 1.

Willis filed this § 2241 petition on April 11, 2025. Pet. [1] at 1. In his petition, Willis alleged that "I am being held against my will in [sic] constitutional rights by being housed here at (LCDF) w/o a bond, which is my eighth amendment constitutional right." *Id.* at 6. In his prayer for relief, he stated that he was requesting "a bond and not for a [sic] excessively [sic] bond." *Id.* at 8. The Court ordered Willis to provide additional information about his petition. Order [5]. Relevant here, the Court directed Willis to state "[w]hat criminal charge(s) are pending against [Willis] that is/are the reason for this § 2241 habeas petition and his current

---

[1] Article III, § 29, of the Mississippi Constitution states in relevant part: "If a person charged with committing any offense that is punishable by . . . imprisonment for one (1) year or more . . . is granted bail and . . . the court, upon hearing, finds probable cause that the person has committed a felony while on bail, then the court shall revoke bail and shall order that the person be detained, without further bail, pending trial of the charge for which bail was revoked."

2

incarceration." *Id.* at 1. Willis filed a response answering the Court's question and stated: "Poss. of stolen firearm – February 2023 Lauderdale County never indicted. Being held with no bond because of this charge." Resp. [6] at 1.

Respondent appeared and moved to dismiss, arguing that Willis's petition should be dismissed with prejudice for failure to state a cognizable claim, or in the alternative without prejudice for failure to exhaust. Mot. [9] at 7–8. Willis did not file a response, and the time do so has now expired.

On October 3, 2025, Respondent filed a supplement [10] to his motion to dismiss informing the Court that a Lauderdale County grand jury declined to indict Willis on his possession-of-a-stolen-firearm charge by returning a "no true bill." Suppl. [10] at 3. Respondent asserted that as a result of the "no true bill" on this charge, the Lauderdale County ADA advised that the case was "closed." *Id.* Considering this development, Respondent argued that Willis's petition, which was premised only on his denial of bond on his possession-of-a-stolen-firearm charge, should be dismissed as moot. *Id.*[2] Willis again filed no response.

II.     Analysis

"A state pre-trial detainee is entitled, in some circumstances, to raise constitutional claims in a federal habeas proceeding under 28 U.S.C. § 2241." *Chadman v. Fowler*, No. 4:17-CV-703, 2018 WL 4051868, at *2 (N.D. Tex. Aug. 24, 2018) (citing *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)). But "[a] petition under § 2241 filed by a pre-trial detainee is rendered moot 'when the court cannot grant the relief requested by the moving party.'" *Id.* (quoting *Salgado v. Fed. Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007)). Setting aside the

---

[2] In connection with its exhaustion argument, Respondent further informed the Court that Willis filed a habeas petition in the Mississippi Supreme Court on October 2, 2025. *Id.* at 5; Ex. 2 [10-2]. That petition remains pending. Ex. 3 [10-3].

argument that the relief Willis seeks is not cognizable in a § 2241 habeas petition, his request for bond on the possession-of-a-stolen-firearm charge is moot because the case against him on that charge was closed in response to the grand jury's decision to return a "no true bill" refusing to indict him. *See Wade v. Wichita County*, No. 21-10283, 2021 WL 5751441 at *1 (5th Cir. Dec. 2, 2021) (dismissing as moot a pretrial habeas petition following petitioner's conviction) (citing *Yohey v. Collins*, 985 F.2d 222, 228–29 (5th Cir. 1993); *Fassler v. United States*, 858 F.2d 1016, 1018 & n.3 (5th Cir. 1988)); *see also Brooks v. Fairley*, No. 1:19-CV-407-LG-RHW, 2020 WL 2091827, at *1 (S.D. Miss. April 30, 2020) (dismissing as moot a pretrial habeas petition after a grand jury returned a "no true bill").

The decision in *Brooks v. Fairley* supports dismissal of Willis's petition as moot, despite some factual differences from this case. 2020 WL 2091827, at *1. In *Brooks*, the petitioner filed a pretrial § 2241 petition seeking dismissal of the unindicted state charges (sexual battery and touching for lustful purposes) and release from custody. *Id.* The grand jury refused to indict him and returned a "no true bill" on both charges. *Id.* Having no other pending charges, the petitioner was released, and the Court dismissed his petition as moot. *Id.*

Although Willis remains in custody, the specific and narrow relief he seeks—bond on his possession-of-a-stolen-firearm charge—is moot in light of the grand jury's "no true bill" and the closure of the case. Despite multiple opportunities, Willis has raised no issue concerning his indicted murder charge or his unindicted charges for aggravated assault, shooting into a vehicle, and shooting into a dwelling—not in his § 2241 petition, his response to the Court's order, or in response to Respondent's motion to dismiss and supplement to the motion to dismiss. While pro se habeas petitions "are entitled to the benefit of liberal construction," *Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011), this does not allow the Court to "conjure up unpled allegations."

*See McFadden v. Lucas*, 713 F.2d 143, 147 n.4 (5th Cir. 1983). Indeed, because the possession-of-a-stolen-firearm charge was the basis for the state court denying Willis's bond under Article III, Section 29 of the Mississippi Constitution, *See* Ex. L [9-12] at 1, it is reasonable that he would limit his petition to challenging only that charge. In light of Willis's filings and the closure of his possession-of-a-stolen-firearm case, Willis's petition is moot and should be dismissed.

III.     Conclusion and Recommendation

The undersigned has considered all arguments. Any not directly addressed would not have changed the outcome. For the foregoing reasons, the undersigned recommends that the Court grant Respondent's motion to dismiss and dismiss the petition as moot.

IV.     Notice of Right to Object

In accordance with Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1), any party, within fourteen days after being served a copy[3] of this report and recommendation, may serve and file written objections to the recommendations, with a copy to the United States District Judge, the Magistrate Judge, and the opposing party. The District Judge at the time may accept, reject, or modify, in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to the undersigned with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district

---

[3] When a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).

5

court for which there is no objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Services, L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

    Respectfully submitted, this the 6th day of January, 2026.

s/ *Andrew S. Harris*  
UNITED STATES MAGISTRATE JUDGE
